FILED

17 APR 26 PM 4:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2016 Grand Jury

17 CR 1 0 6 5 JLS

| UNITED STATES OF AMERICA, | Case No. _____ |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 371- |
| ALAN REN (1),<br>    aka "Feng Guan Ren",<br>WEI WEI WANG (2), | Conspiracy; Title 16, U.S.C.,<br>Secs. 3372(a)(2)(A) and<br>3373(d)(1)(A) - Unlawful<br>Importation of Wildlife; |
| Defendants. | Title 18, U.S.C., Sec. 545 -<br>Smuggling/Importation Contrary to<br>Law; Title 18, U.S.C., Sec. 2 -<br>Aiding and Abetting; Title 18,<br>U.S.C., Sec. 981(a)(1)(C),<br>Title 28, U.S.C., Sec. 2461,<br>and Title 16, U.S.C.,<br>Sec. 3374(a)(1) - Criminal<br>Forfeiture |

The grand jury charges, at all times relevant:

**INTRODUCTORY ALLEGATIONS**

1. The Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES) was an international agreement signed by 183 nations and implemented in 1975, which restricted the international trade and transportation of threatened and endangered species. Both Mexico and the United States were signatories to CITES. In the United States, trade in CITES species was regulated pursuant to

MKP:nlv:San Diego
4/25/17

the Endangered Species Act, 16 U.S.C. §§ 1538 and 1540, and its implementing regulations.

2. *Isostichopus fuscus* was a type of sea cucumber found in the Eastern Pacific from Mexico to Ecuador. *Isostichopus fuscus* had been listed on Appendix III of CITES as protected since 2003. This species was the only species of sea cucumber found in Mexico that was protected under CITES.

3. Federal regulations required that any specimen listed on Appendix III to CITES must be accompanied upon importation into the United States by a CITES export permit and a CITES certificate from the country of origin. 50 C.F.R. §§ 23.20 and 23.27.

4. Black abalone, *Haliotis cracherodii*, had been listed as "endangered" under the Endangered Species Act since January 14, 2009.

5. In order to import an endangered marine species into the United States, permission from the National Oceanic and Atmospheric Administration (NOAA) was required. 16 U.S.C. § 1538((a)(1)(A); 50 C.F.R. §§ 224.101 and 224.102.

6. An import/export license from the U.S. Fish and Wildlife Service was required of persons engaging in business as an importer or exporter of fish and wildlife, pursuant to 16 U.S.C. § 1538(d)(1) and 50 C.F.R. § 14.91. Federal regulations further required that a declaration form be presented to FWS with each import, pursuant to 50 C.F.R. § 14.61, providing information on the species, quantity, nature and intended destination.

7. To obtain Customs clearance of wildlife imported into the United States, an importer had to provide all permits or other documents required by the laws or regulations of any foreign country. 50 C.F.R. § 14.52(c)(3).

8. The General Wildlife law of Mexico, Sections 56 and 65, provided that any party wishing to export a specimen or parts of a specimen of a species covered by CITES had to request a CITES permit, providing information about the specimen, its destination and the reason for the movement. This CITES permit had to be submitted to Mexican authorities at the time of export and to U.S. authorities at the time of importation. Section 122, subsection X, of the General Wildlife law of Mexico prohibited the possession of wildlife specimens outside their natural habitat without having documentation to prove their legal origin.

9. The Federal Penal Code of Mexico, Section 420, subsection IV, prohibited carrying out activities for the purpose of trafficking or possessing: specimens, the products or byproducts of a species of flora or fauna, whether land or banned aquatic wildlife, that are considered endemic, threatened, or in danger, subject to special protection or regulated by any international treaty signed by Mexico, such as CITES.

10. The General Law on Sustainable Fishing and Aquaculture (SFA) established the basic regulatory scheme for fishing within the jurisdiction of Mexico. Pursuant to Articles 40 and 41 of the SFA, a license and/or permit was required for commercial fishing in Mexico. Article 75 of the SFA required that the lawful origin of fisheries products be demonstrated by means of an arrival, harvest, production, or collection notice or an import permit and required that all fiscal vouchers issued for the marketing of fisheries products include the pertinent permit or license number. Article 76 of the SFA further required a fisheries waybill for the transportation of fisheries products. Pursuant to Article 132 of the SFA, it was a violation of law to fail to demonstrate the lawful origin of fisheries products.

11. It was a further violation of Article 132 of the SFA to harvest, possess, transport, or sell a species out of season, or of less than the minimum established size and weight, or to harvest a species in excess of permit limits or without a proper license or permit.

12. In addition to the SFA, Mexico enacted the Regulations of the Fisheries Law (Regulations). Article 10 of the Regulations required that the legal origin of fisheries products be certified by the notice of arrival, harvest, production or collection. Article 13 of the Regulations provided that the original sales invoice for fisheries products must bear the number associated with the notice of arrival, harvest, production or collection, as well as a description of the product, and all subsequent invoices must bear the number of the invoice from which it derived, so that all fisheries products sold in Mexico can be traced to their lawful origins. Mexican fisheries regulations further required that the species of abalone appear on the invoice. NON-005-PRES-1993, Section 3.7.

### Count 1

### Conspiracy - 18 U.S.C. § 371

13. Paragraphs 1 through 12 of the Introductory Allegations are incorporated herein as if set forth in full.

14. Beginning at a date unknown to the grand jury and continuing up to and including on or about February 15, 2016, within the Southern District of California and elsewhere, defendants ALAN REN, aka "Feng Guan Ren," (REN), and WEI WEI WANG, (WANG), knowingly and willfully conspired with each other to commit offenses against the laws of the United States, to wit:

a. to knowingly import, transport, and purchase in interstate and foreign commerce fish and wildlife, that is, abalone and

4

sea cucumber, which had been taken, possessed, transported, and sold in violation of foreign law, in violation of Title 16, United States Code, Section 3372(a)(2)(A), as alleged in Count 2;

       b.   to knowingly and willfully, with the intent to defraud the United States, smuggle and clandestinely introduce merchandise into the United States which should have been invoiced, that is, abalone and sea cucumber, in violation of Title 18, United States Code, Section 545, as alleged in Count 3;

       c.   to knowingly import merchandise, that is, abalone and sea cucumber, contrary to law, in violation of Title 18, United States Code, Section 545, as alleged in Count 4;

<b>Overt Acts</b>

15.   In furtherance of the conspiracy, the following overt act was committed within the Southern District of California and elsewhere:

       a.   On or about February 15, 2016, in San Diego, California, REN and WANG drove a vehicle containing approximately 78 kg of sea cucumber and 38 kg of abalone into the United States from Mexico. All in violation of Title 18, United States Code, Section 371.

<b>Count 2</b><br>
<b>Unlawful Importation of Wildlife –</b><br>
<b>16 U.S.C. §§ 3373(a)(2)(A) and 3373(d)(1)(A)</b>

16.   Paragraphs 1 through 12 of the Introductory Allegations are incorporated herein as if set forth in full herein.

17.   On or about February 15, 2016, within the Southern District of California, defendants ALAN REN, aka "Feng Guan Ren" and WEI WEI WANG knowingly imported in interstate and foreign commerce fish and wildlife, that is,

a. approximately 78 kg of fresh and dried sea cucumber (*Isostichopus fuscus*) knowing that such fish and wildlife had been taken, possessed, transported, and sold in violation of Mexican laws and regulations, to wit: Articles 40, 41, 75, 76 and 132 of the General Law on Sustainable Fishing and Aquaculture and Articles 10 and 13 of the Regulations of the Fisheries Law, and

b. approximately 48 kg of frozen abalone (*Haliotis cracherodii*) knowing that such fish and wildlife had been taken, possessed, transported, and sold in violation of Mexican laws and regulations, to wit: Section 420 of the Federal Penal Code; Sections 56, 65 and 122 of the General Wildlife Law and Articles 40, 41, 75, 76 and 132 of the General Law on Sustainable Fish and Aquaculture and Articles 10 and 13 of the Regulations of the Fisheries Law;

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A); and Title 18, United States Code, Section 2.

### Count 3

### Smuggling – 18 U.S.C. § 545

18. On or about February 15, 2016, within the Southern District of California, defendants ALAN REN, aka "Feng Guan Ren," and WEI WEI WANG knowingly and willfully, with the intent to defraud the United States, smuggled and clandestinely introduced into the United States merchandise which should have been invoiced, that is, approximately 38 kg of frozen abalone (*Haliotis cracherodii)* and approximately 78 kg of sea cucumber (Isostichopus fuscus); in violation of Title 18, United States Code, Sections 545 and 2.

//

//

//

6

**Count 4**

**Importation Contrary to Law – 18 U.S.C. § 545**

19.    Paragraphs 1 through 12 of the Introductory Allegations are incorporated herein as if set forth in full herein.

20.    On or about February 15, 2016, within the Southern District of California, defendants ALAN REN, aka "Feng Guan Ren," and WEI WEI WANG knowingly imported merchandise into the United States, that is, approximately 78 kg of fresh and dried sea cucumber *(Isostichopus fuscus)* and approximately 38 kg of frozen abalone *(Haliotis cracherodii)*, contrary to law, in that:

a.    the defendants knowingly imported the sea cucumbers contrary to the provisions of CITES as the sea cucumbers were not accompanied by an export permit or certificate of origin issued by the government of Mexico under CITES, in violation of Title 16, United States Code, Sections 1538(c) and 1540(b)(1) and 50 CFR § 23.20;

b.    the defendants knowingly imported the endangered abalone without the permission of NOAA, as required pursuant to Title 16, United States Code, Sections 1538(d)(1)(A) and 1540(b)(1) and 50 CFR §§ 224.101 and 224.102;

c.    the defendants knowingly engaged in business as an importer of fish and wildlife without having first obtained a permit from the U.S. Fish and Wildlife Service, in violation of Title 16, United States Code, Sections 1538(d)(1)(A) and 1540(b)(1) and  50 CFR § 14.91;

d.    the defendants knowingly imported the sea cucumber and abalone, and in the exercise of due care, the defendants should have known that the imported sea cucumbers and abalone were taken, possessed, transported and sold contrary to foreign law, that is, the laws and regulations of Mexico, to wit: Section 420, Subsection IV of the Federal

7

Penal Code of Mexico and Articles 40, 41, 75, 76 and 132 of the General Law on Sustainable Fish and Aquaculture and Articles 10 and 13 of the Regulations of the Fisheries Law;

All in violation of Title 18, United States Code, Sections 545 and 2.

## FORFEITURE ALLEGATION

21. The allegations contained in Counts 1 and 2 are realleged herein for purposes of alleging forfeiture to the United States pursuant to Title 16, United States Code, Section 3374(a) and Title 28, United States Code, Section 2461(c).

22. Upon conviction of the offenses charged in Counts 1 and 2 of this Indictment, defendants ALAN REN, aka "Feng Guan Ren," and WEI WEI WANG shall forfeit to the United States all fish and wildlife imported, transported, received, acquired and purchased , all vessels, vehicles, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring and purchasing of the fish and wildlife. The property to be forfeited includes, but is not limited to, approximately 38 kg of frozen abalone and approximately 78 kg of fresh and dried sea cucumber.

All pursuant to Title 16, United States Code, Section 3374(a)(1) and Title 28, United States Code, Section 2461(c).

DATED:  April 26, 2017.

A TRUE BILL:

_____
Foreperson

ALANA W. ROBINSON
Acting United States Attorney

By: _____
MELANIE K. PIERSON
Assistant U.S. Attorney

8