LAW OFFICE OF MICHAEL HERNANDEZ
Michael Anthony Hernandez, SBN 234579
1350 Columbia Street, Suite 700
San Diego, CA 92101
Tel.: (619) 341-3149
Fax: (619) 996-2200
Michael@DefenseAttorneySD.com

Attorney for Defendant
ALAN REN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HON. JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>ALAN REN (1),<br><br>　　Defendant. | CASE NO. 17cr1065-JLS<br><br>**NOTICE OF MOTION AND MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS, REQUEST TO PRESERVE EVIDENCE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS**<br><br>**Date: July 7, 2017**<br>**Time: 1:30 p.m.** |

TO: ALANA ROBINSON, INTERIM UNITED STATES ATTORNEY, AND MELANIE PIERSON, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on July 7, 2017, or as soon thereafter as counsel may be heard, Defendant Alan Ren will move this Court to grant the following motions:

1. Motion for Discovery;
2. Motion for Leave to File Further Motions; and
3. Request for Preservation of Evidence.

Dated this 7th day of July, 2017.　　　　/s/ *Michael Anthony Hernandez*
　　　　　　　　　　　　　　　　　　　　Michael Anthony Hernandez
　　　　　　　　　　　　　　　　　　　　Attorney for Alan Ren

LAW OFFICE OF MICHAEL HERNANDEZ
Michael Anthony Hernandez, SBN 234579
1350 Columbia Street, Suite 700
San Diego, CA 92101
Tel.: (619) 341-3149
Fax: (619) 996-2200
Michael@DefenseAttorneySD.com

Attorney for Defendant
ALAN REN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(HON. JANIS L. SAMMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALAN REN (1),<br><br>　　　　Defendant. | CASE NO. 17cr1065-JLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS**<br>**Date: July 7, 2017**<br>**Time: 1:30 p.m.** |

**I.**

**STATEMENT OF THE CASE**

In an indictment filed on April 66, 2017, Alan Ren was charged with Conspiracy (18 U.S.C. 371), Unlawful Importation of Wildlife (16 U.S.C. 3372(a)(2)(A) and 3373 (d)(1)(A)), Smuggling (18 U.S.C. 545), and Aiding and Abetting (18 U.S.C. 981(a)(1)(C)).

**II.**

**STATEMENT OF FACTS[1]**

On or about February 15, 2016, Mr. Ren and his passenger, Wei Wei Wang, applied for admission into the United States at the San Ysidro port of entry. After being asked by the Customs and Border Protection Officer if he had anything to declare, the officer performed a cursory search of Mr. Ren's vehicle and referred him to secondary inspection. In secondary

---

[1] Mr. Ren does not necessarily accept this statement of facts as his own, and reserves the right to take a

inspection, officers discovered a large quantity of sea cucumbers and abalone. Mr. Ren and Ms. Wang were interrogated and released.

### III.

### MOTION TO COMPEL DISCOVERY AND REQUEST TO PRESERVE EVIDENCE

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) **The Defendant's Statements, including Wiretap Evidence**. Mr. Ren requests disclosure of all copies of any written or recorded statement made by him; any written record containing the substance of any oral statements made by him and any written summaries of his oral statements contained in the handwritten or rough notes of the government agent; any response to any Miranda warnings which may have been given by him or any codefendant; any response by any defendant to interrogation, any/all wiretap or recorded phone calls involving (or believed to be) the defendant or concerning the defendant; as well as any other statements by the defendants. Fed. R. Crim. P. 16(a)(1)(A).

(2) **Arrest Reports, Notes and Dispatch Tapes**. Mr. Ren also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); *Brady v. Maryland*, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I).

(3) **Criminal Record**. Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P.

16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Mr. Ren requests all his rap sheets and any other evidence discoverable under these rules. Mr. Ren requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government. He makes an identical request for all pertinent records of all co-defendants, former codefendants and government witnesses including informants.

(4) **Evidence Seized**. Mr. Ren requests production of evidence seized as a result of any search, either with or without a warrant. Fed. R. Crim. P. 16(a)(1)( c). This evidence includes but is not limited to the seized contraband.

(5) **Tangible Objects**. Mr. Ren requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, alleged illegal wildlife or wildlife related items, fingerprint analyses, vehicles, cell phones, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C).

(6) **Request for Preservation of Evidence**. Mr. Ren specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, alleged contraband (see § II(5), supra), vehicles, the results of any fingerprint analysis, Mr. Ren's personal effects, including and any evidence seized from the defendant or any other party.

(7) **Reports of Examinations and Tests**. Mr. Ren requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief. Fed. R. Crim. P. 16(a)(1)(D).

(8) **Expert Witnesses**. Mr. Ren requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness. Fed. R. Crim. P. 16(a)(1)(E).

(9) *Brady* **Material**. Mr. Ren requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(10) *Giglio* **Information**. Mr. Ren requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972).

(11) **Informants and Cooperating Witnesses**. Mr. Ren requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id*. Mr. Ren also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Mr. Ren's defense.

(12) **Jencks Act Material.** Mr. Ren requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In

*United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(13) **Any Potential 404(b)/609 Evidence**. Mr. Ren requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b). Mr. Ren requests such notice at least one month before trial in order to give the defense time to investigate and prepare for trial.

(14) **Any Information That May Result In a Lower Sentence Under the Guidelines**. As discussed above, this information is discoverable under *Brady v. Maryland*, 373 U.S. 83(1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines. Additionally, Mr. Ren specifically requests any evidence the government intends to use at sentencing to establish his status as a career offender or for any other enhancement to his sentence;

(15) **Evidence of Bias or Motive to Lie**. Mr. Ren requests any evidence that any prospective government witness, including a cooperating defendant, is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988);

(16) **Impeachment evidence**. Mr. Ren requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady v. Maryland*, supra. See *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(17) **Evidence of Criminal Investigation of Any Government Witness**. Mr. Ren requests any evidence that any prospective witness is under investigation by federal, state or

6

POINTS AND AUTHORITIES

local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(18) **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**. Mr. Ren requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);

(19) **Witness Addresses**. Mr. Ren requests the name and last known address of each prospective government witness. See *United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. *United States v. Cadet*, 727 F.2d, 1453 (9th Cir. 1984);

(20) **Name of Witnesses Favorable to the Defendant**. Mr. Ren requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(21) **Statements Relevant to the Defense**. Mr. Ren requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982);

(22) **Personnel Records of Government Officers Involved in the Arrest**. Mr. Ren requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation,

arrest and interrogation of her, pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of such documents, defense counsel will not be able to procure then from any other source;

(23) **Prosecutor's Duty to Inspect Agent's Files**. Mr. Ren requests that the court order the prosecutor to personally review the personnel files of the agents involved.

(24) **Release of Evidence for Defense Testing**. Mr. Ren requests that the government release to his designated expert all items seized so that the defense may conduct independent testing of the items.

(25) **Residual Discovery/All Other Relevant Materials**. Mr. Ren intends for this motion to cover the full extent of discoverable material. He therefore requests that the government be required to disgorge all other discoverable material which he otherwise has failed to request.

## IV.

## MR. REN SEEKS LEAVE TO FILE FURTHER MOTIONS

Mr. Ren requests additional time to consider and file supplemental substantive motions at a future hearing.

## V.

## CONCLUSION

For the reasons stated above, the defendant, Mr. Ren respectfully requests that this Court grant the above-requested motions.

Dated this 7th day of July, 2017       /s/ *Michael Anthony Hernandez*
                                                            Michael Anthony Hernandez
                                                              Attorney for Alan Ren

LAW OFFICE OF MICHAEL HERNANDEZ
Michael Anthony Hernandez, SBN 234579
1350 Columbia Street, Suite 700
San Diego, CA 92101
Tel.: (619) 341-3149
Fax: (619) 996-2200
Michael@DefenseAttorneySD.com

Attorney for Defendant
ALAN REN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HON. JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17cr1065-JLS |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| ALAN REN (1), | **Date: July 7, 2017** |
| Defendant. | **Time: 1:30 p.m.** |

1. I am a citizen of the United States and a resident of San Diego County I am over the age of eighteen years and not a party to the within entitled action; my business address is 1350 Columbia Street, Suite 700, San Diego, California 92101.

2. On July 7, 2017, I served the within:

**NOTICE OF MOTION AND MOTION FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS, REQUEST FOR PRESERVATION OF EVIDENCE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS**

by electronic filing to be transmitted by the Clerk of the United States Attorney's office in compliance the Electronic Case Service filing procedures.

/ / / /

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed this 7th day of July, 2017, at San Diego California.

/s/ *Michael Anthony Hernandez*
Michael Anthony Hernandez
Attorney for Alan Ren